## UNITED STATES v. CHAPMAN.

(District Court, W. D. Washington, N. D. August 26, 1926.)

No. 3862.

1. **Criminal law** ⬅⟶242(1)—**Removal to China for trial on charge of embezzlement held warranted (Rev. St. § 1014 [Comp. St. § 1674]).**

Removal from Western District of Washington to China for trial, on charge of embezzling moneys of the United States while clerk of United States Court for China, *held* authorized by Rev. St. § 1014 (Comp. St. § 1674).

2. **Criminal law** ⬅⟶242(1)—**"District," within meaning of removal statute, means territorial jurisdiction of court (Rev. St. 1014 [Comp. St. § 1674]).**

Rev. St. § 1014 (Comp. St. § 1674), providing for removal to "district" where trial is to be had, by "district" means territorial jurisdiction of United States court, whatever its title, including United States Court for China,

created by Act June 30, 1906 (Comp. St. § 7687 et seq.)

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, District.]

3. **Criminal law** ⬅⟶242(1)—**District Court for Western District of Washington has no jurisdiction to try charge of embezzlement in China, as affecting removal (Rev. St. § 730 [Comp. St. § 1023]).**

Under Rev. St. § 730 (Comp. St. § 1023), District Court for Western District of Washington has no jurisdiction to try one charged with embezzling moneys of the United States while acting as clerk of United States Court for ·China, so as to obviate necessity for removal.

William Alden Chapman was charged with embezzling moneys of the United States while acting as a clerk of the United States Court for China. On application for removal to China for trial from Western district of Washington. Application granted.

Thos. P. Revelle, U. S. Atty., and C. T. McKinney, Asst. U. S. Atty., both of Seattle, Wash.

Hugh M. Caldwell, of Seattle, Wash., for defendant.

DIETRICH, District Judge. On July 24, 1926, the United States district attorney for China filed, in the United States Court for China, at Shanghai, an information charging substantially, in different counts, that William Alden Chapman, a citizen of the United States, while acting as clerk of the United States Court for China, in the city of Shanghai, republic of China, and within the jurisdiction of the United States Court for China, embezzled moneys of the United States of the aggregate value of $30,000 in Mexican currency, of the reasonable value of $15,000 in lawful currency of the United States. Shortly thereafter Chapman was found in this district, and upon appropriate proceedings was arrested and brought before a United States commissioner of this court. Upon a hearing, the commissioner found that the laws of the United States had been violated as charged in the complaint or information and that there was probable cause to believe that Chapman was guilty of the offense, and upon such finding, and the failure of Chapman to give bond as required, he was committed to jail, where he is now confined.

[1] In due course the district attorney has presented an application for an order directing the removal of Chapman to China for trial, to which objection is made by the defendant that there is no authority in law for such an order. Section 1014, R. S. (Comp. St. § 1674), under which removals are ordinarily had, is in substance as follows:

"For any crime or offense against the United States, the offender may, * * * be arrested and imprisoned, * * * for trial before such court of the United States as by law has cognizance of the offense. * * * And where any offender or witness is committed in any district other than that where the offense is to be tried, it shall be the duty of the judge of the district where such offender or witness is imprisoned, seasonably to issue, and of the marshal to execute, a warrant for his removal to the district where the trial is to be had."

By an act approved June 30, 1906 (34 Stat. 814 [Comp. St. § 7687 et seq.]), Congress created the "United States Court for China," prescribed its jurisdiction, and provided for sessions thereof to be held at Shanghai and other points in China. Besides the judge, there are a district attorney, a marshal, and a clerk of such court, "with authority possessed by the corresponding officers of the District Courts of the United States," etc. Comp. St. § 7692.

I am inclined to think that the case falls within the spirit and intent, if not the exact letter, of section 1014, supra. The charge against the defendant is undoubtedly of an "offense against the United States." The crime was committed by a citizen of the United States, and within the territorial jurisdiction of the United States Court for China, and it is therefore cognizable by that court. So much seems to be conceded. We therefore have a case where the defendant has been properly arrested and held for trial before a United States court vested with the requisite power to try him.

[2] Noting that section 1014, supra, provides that, where an offender is arrested in any district other than that where the offense is committed, he shall be removed to the "district" where the trial is to be had, the defendant argues that nowhere is China designated as a "district," and that, therefore, there is no authority to remove him. But it is not thought that the term "district" is here used in a narrow, technical sense, as designating only the territory of a United States District Court. The section is generally recognized as authority for removals to Alaska, and to the District of Columbia. "District" is to be understood as meaning the territorial jurisdiction of a United States court, whatever may be the title of the court; in other words, when an offender has been properly committed for trial in a court of the United States, he may be removed to the territorial jurisdiction of that court.

With commendable zeal and industry counsel have reviewed the federal statutes establishing courts within all territory to which the government of the United States extends, and stress is laid upon the fact that in Alaska, Hawaii, Porto Rico, and the Canal Zone, as well as in the states, the courts of the United States are designated as "District Courts," whereas in China and in the Phillippines they are not so designated. But, while all are "district courts," these tribunals are not parts of the same system, and are wanting in uniformity of organization and jurisdiction. That fact lends weight to the view that the term "district" is used in a generic sense, and not as denoting a distinct species. The removal statute, supra, does not provide for removal to a "District Court," but to the "district where the trial is to be had"; that is, to the territory of the tribunal having judicial cognizance of the offense. China is such territory, and is thought to be such a "district." The court there is closely related to our judicial system, with procedure similar to that of United States District Courts, with similar officers, and with appeals to the Circuit Court of Appeals and to the Supreme Court. That no special significance was attached to the term "district" is evidenced by the fact that, while the judge is not so referred to, the attorney is designated as the "district" attorney.

It is also argued that because, in the case of the Phillippines, where the courts are not termed "District Courts," special provision is made for removal, we are to infer that Congress entertains the view that section 1014, supra, is inapplicable to territory not expressly declared to be a "district." But, on the other hand, in the case of the Canal Zone, where the court is called a "District Court," Congress also passed such a special removal statute. Legislation of this character is sometimes enacted out of excess caution, or, it may be, without consideration of the scope of an existing general statute.

[3] In the light of the considerations already discussed, the defendant's further contention that under section 730, R. S. U. S. (Comp. St. § 1023), this court has jurisdiction of the offense charged, and that therefore removal is needless, is thought to be without merit. See, also, In re Bollman, 8 U. S. (4 Cranch.) 75, 135, 2 L. Ed. 554, and 28 Op. Attys. Gen. 24.